UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Khizar Khan** | : | 3:18cv1268 (WWE) |
| | : | |
| v. | : | |
| | : | |
| **BAB Developers, Inc.** | : | |
| **Nelson Berry** | : | |
| **John Doe** | : | |
| **Build a Business, Inc.** | : | |
| **Business Buidlouts.com** | : | |
| **Dani Craig** | : | April 3, 2019 |

## AMENDED COMPLAINT

**_Count One:_**    _Racketeer Influenced and Corrupt Organization (RICO)_

   1.   Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343 and 1367(a) of Title 28 and Section 1961 et seq. of Title 18 of the United States Code. Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

   2.   During all times mentioned in this action, the plaintiff, Khazir Khan, was, and still is, an adult citizen of the United States, residing in Bridgeport, CT.

   3.   Defendant Nelson Berry aka John Doe is an adult citizen that may reside in Bronx, NY, Philadelphia, or NY, NY.

   4.   Upon information and belief, the individual defendant has used the name Nelson Berry. His true identify is unknown.

   5.   Defendant Build a Business, Inc, a corporation with a business address in

New York, NY.

6. Defendant BAB Developers Inc, is a corporation with a business address in New York, New York.

7. Defendant Business Build outs.com is a corporation with a business address in New York, New York.

8. Defendant Dani Craig, is an adult citizen and resident of Connecticut.

9. Defendant Dani Craig, on various dates, in concert with the other defendants, and in furtherance of the conspiracy knowingly accepted funds from the plaintiff.

10. John Doe aka "Nelson Berry" acting as an agent, entered into a contractual agreement with the plaintiff under the names of Build a Business, Inc, BAB Developers, Inc, Business Buildouts.com, and Nelson Berry.

11. On or about September 21, 2017 Defendants and plaintiff entered into an agreement for defendants to construct a Little Caesar's pizza restaurant at 39 Church Street, New Haven, CT

12. The plaintiff paid $105,600 to the defendants which included a refundable deposit of $9000.00.

13. These payments were made partially by electronic means through the plaintiff's credit cards.

14. The defendants have not fulfilled the terms of the agreement in that they have not built the restaurant and have refused to return the money paid.

15. On April 30, 2018 Defendant BAB Developers, Inc., through defendant Nelson Berry, provided the plaintiff with a $20,000 refund check. This check was not honored by the bank due to insufficient funds.

16. Despite plaintiff's repeated requests for a refund the defendants have refused to refund the sums paid by the plaintiff.

17. Since September 21, 2017, Nelson Berry on behalf of all Defendants, corresponded with the plaintiff by electronic mail and telephone continually assured them that the deal was legitimate.

18. Nelson Berry, individually and on behalf of all Defendants, falsely represented in emails that actions had occurred on furtherance of the proposed business development.

19. Within the past few weeks Defendant Nelson Berry, individually and on behalf of all Defendants provided the plaintiffs with periodic updates via telephone and electronic mail, were transactions that affected interstate commerce.

20. Upon information and belief, the plaintiff assert that these emailed documents were falsified, and /or created to present the illusion that the defendants were a legitimate venture.

21. To date, the funds have not been repaid despite numerous requests.

22. To date, the expenses were not refunded to the plaintiff.

23. That the Defendants engaged in a conspiracy to commit this fraud and that such fraud was a pattern of racketeering activity.

24. That Defendants committed the predicate acts of the conspiracy, specifically wire fraud, under 18 U.S.C. Sections 1341 and 1343.

25. Upon information and belief, the defendants made material misrepresentations regarding the investment, including the fact that the defendants did not intend to conduct a business build out.

26. The defendants intended to permanently deprive the plaintiffs of their investment.

27. As a result of these false representations by the defendants, the plaintiff made payments totaling $105,600 to the defendants.

28. The defendants' actions were unjustified and unlawful.

29. The actions of the defendants were extreme and outrageous.

30. As a direct and proximate result of the acts of the defendant, the plaintiff suffered and continue to suffer severe emotional distress.

31. The defendants knew or should have known that emotional distress was the likely result of such conduct.

32. As a consequence of the actions of the defendants, the plaintiff suffered and continue to suffer great humiliation, anxiety, stress, emotional and mental upset, loss of sleep.

33. The Defendants actions resulted in injury and damages to the plaintiff.

34. In the manner described above, the injuries to the plaintiff were the direct and proximate result of the reckless actions of the defendants.

35. The defendants were an enterprise and acted for the express purpose of defrauding the plaintiff and other persons.

36. The plaintiffs' injuries occurred due to violations of 18 U.S.C. Section 1962, RICO.

**Count Two   Civil Theft**

1-35.   Paragraphs one through thirty-five of Count One of this complaint are incorporated herein as paragraphs one through thirty-five of Count Two of this complaint.

36.   The defendants wrongfully took, obtained or withheld property of the plaintiffs.

37   The conduct of the defendants was in violation of Connecticut General Statutes Sections 52-564, and 53a-122.

**Count Three         Civil Conspiracy**

1-35.   Paragraphs one through thirty-five of Count One of this complaint are incorporated herein as paragraphs one through thirty-five of Count Three of this complaint.

36. The Defendants acted in concert to commit the crime of Larceny in the First Degree, in violation of C.G.S. Sections 53a-122, 53a-119 (1). embezzlement; 53a-119 (2) obtaining property by false pretenses; and/or 53a-119 (3) obtaining property by false promise.

37. The defendants acted in furtherance of the conspiracy with the intention of defrauding the plaintiff.

**Count Four          Fraudulent Misrepresentation**

1-35. Paragraphs one through thirty-five of Count One of this complaint are incorporated herein as paragraphs one through thirty-five of Count One of this complaint.

37.  The defendants made numerous false representations to the plaintiff, both verbally and through electronic mail correspondence, as statements of fact.

38.  The defendants knew the statements they made to the plaintiff were untrue.

39. The defendants made these statements to induce the plaintiff to provide them with significant amounts of money.

40. The plaintiff did rely upon these false statements to their detriment.

**Count Five       Connecticut Unfair Trade Practices Act (CUTPA)**

1-35. Paragraphs one through thirty-five of Count One of this complaint are incorporated herein as paragraphs one through thirty-five of Count One of this complaint.

36. The defendants are persons engaged in commerce in violation of C.G.S. Section 42-110a.

37. The fraudulent actions of the defendants' intentional conduct constituted unfair practices as they were unscrupulous, immoral, oppressive, fraudulent, and larcenous.

38. As a result of the defendants' conduct the plaintiff suffered substantial financial injury.

39. The defendants' conduct offends public policy and violates of C.G.S. Section 53a-122.

40. The conduct of the defendants was the result of the intentional and wanton disregard of the rights of the plaintiffs.

The Plaintiff
By His Attorney

/s/

_____
Robert M. Berke
Law Office of Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605 CT
Bar No 22117
robertberke@optonline.net
203 332-6000
203 332-0661 fax

**<u>DEMAND</u>**

The plaintiff requests a trial by jury.

        By his Attorney

        **/s/   Robert Berke**

        _____
        Robert M. Berke
        640 Clinton Avenue
        Bridgeport, CT 06606
        203 332-6000
        203 332-0661 fax      Bar No. 22117
        robertberke@optonline.net

**Wherefore, the plaintiff claims**:

**Count One**

a) Compensatory damages; and

b) Treble Damages, costs and Attorney's Fees pursuant to 18 U.S. C. Section 1964 (c), and,

**Count Two**

a) Compensatory damages; and

b) Double Damages pursuant to C.G.S. Section 52-565; and

c) Treble damages pursuant to C.G.S. Section 52-564.

**Count Three**

a)  Compensatory damages; and

b)  Treble Damages pursuant to C.G.S. Section 52-564; and

c)  Double Damages pursuant to C.G.S. Section 52-565;

**Count Four**

a) Compensatory damages; and

b) Punitive damages.

**Count Five**

a) Compensatory damages, and

b) Punitive Damages pursuant to C.G.S. Section 42-110a.

The Plaintiff
By His Attorney

**/s/   Robert Berke**

_____
Robert M. Berke
Law Office of Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
Juris No. 406967
robertberke@optonline.net
203 332-6000
203 332-0661 fax